## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SPARKY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–1135−MJR |
| | ) | |
| VENERIO SANTOS, | ) | |
| JESSICA KNEBEL, | ) | |
| SUSAN WALKER, and | ) | |
| ANN LAHR | ) | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Sparky Jackson, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative relief, injunctive relief, and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff told medical staff that he was experiencing a burning and painful sensation in his rectum on August 7, 2016. (Doc. 1, p. 2). Plaintiff met with Dr. Santos soon after, who diagnosed hemorrhoids and gave Plaintiff some cream. *Id.* On August 25, 2016, Plaintiff informed Santos that the cream aggravated his symptoms of burning and swelling. *Id.* Santos told Plaintiff to continue using the cream. *Id*.

Plaintiff was admitted to the infirmary on September 9, 2016 for overnight observation due to a bloody bowel movement. (Doc. 1, p. 3). Santos examined him a few days later and once again instructed Plaintiff to continue using the cream. *Id.* Plaintiff filed a grievance regarding Santos' course of treatment to Lisa Krebs. *Id.*

On December 14, 2016, Dr. Garcia, who is not a defendant here, examined Plaintiff and told him that he didn't have hemorrhoids, but rather his rectum was torn, ripped, and infected. *Id.* Garcia told Plaintiff to stop using the hemorrhoid cream, as Garcia believed that it would aggravate Plaintiff's symptoms. *Id*. Garcia prescribed Cephalexin and antibiotic cream. *Id.* Around this time, Plaintiff also started experiencing a foul odor in his mouth. *Id.*

The next time Plaintiff saw Santos, Santos discontinued Garcia's treatment plan and gave Plaintiff fiber pills instead. *Id.* Plaintiff's condition worsened, and he began experiencing pain in his core and back, which interfered with his sleep. (Doc. 1, p. 4). When Plaintiff next saw Santos, Santos took a urine sample and directed Plaintiff to drink more water. *Id*. Plaintiff filed another grievance to Knebel, but she never responded. *Id.*

Plaintiff underwent an x-ray, which showed mild congestion and bile blockage. *Id.* Plaintiff was prescribed Famotidine, and told that he needed an ultrasound. *Id.* Santos later told him that the request for an ultrasound was denied as unnecessary. (Doc. 1, p. 5). Plaintiff told Santos that none of the treatment was working. *Id*. Santos just told him that pain was natural and he needed to drink water and take fiber pills. *Id*. Plaintiff filed another grievance to Knebel and Walker, which was ultimately rejected by Lahr. *Id*. Plaintiff continues to experience abdominal discomfort, pain, bad breath, dry mouth, and constipation. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Santos, Knebel, Walker, and Lahr were deliberately indifferent to Plaintiff's symptoms of rectal pain, abdominal pain, constipation, bad breath, and dry mouth in violation of the Eighth Amendment.

As to Plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an

inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here, Plaintiff has alleged that he has been experiencing symptoms, including pain, since August 2016. The persistence of pain can constitute a serious medical need, and Plaintiff has pleaded sufficient facts for the Court to conclude that he suffers from some sort of anal aliment. Plaintiff has therefore adequately pleaded that he suffers from a serious medical need.

Santos allegedly consistently persisted in a course of treatment known to be ineffective. The Complaint suggests that Plaintiff's symptoms continue to persist, but that Santos refuses to order further diagnostic testing or treatment. These facts state a claim for deliberate indifference. Plaintiff has also alleged that the other defendants are personally involved by virtue of the grievance system, in that Plaintiff's grievances put them on notice of the deficiencies of his medical treatment, but they declined to intervene in his care. This is a plausible allegation of personal involvement, and so Plaintiff's deliberate indifference claim will proceed as to the grievance defendants. When an official is alerted to an excessive risk to inmate health or safety through a prisoner's grievances, refusal to exercise the authority of his or her office may demonstrate deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015).

## Pending Motions

Plaintiff has requested treatment for his symptoms. This is a request for injunctive relief, although there is nothing in the Complaint that indicates that Plaintiff is seeking a *preliminary* injunction—Plaintiff has not invoked Rule 65 or otherwise stated that he needs immediate treatment. The Court has therefore not construed the Complaint to make a request for a preliminary injunction. If Plaintiff seeks a preliminary injunction, he should file a motion on that point.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Santos, Knebel, Walker, and Lahr.

**IT IS ORDERED** that the Clerk of Court shall prepare for Santos, Knebel, Walker, and Lahr: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy

of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 27, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**